```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | | |
|---|---|---|
| TANESHIA LYLES, | * | |
|     Plaintiff, | * | |
| vs. | * | CASE NO. 4:15-CV-41 (CDL) |
| LOGAN'S ROADHOUSE, | * | |
|     Defendant. | * | |

## O R D E R

Plaintiff Taneshia Lyles is allergic to seafood. On May 24, 2012, Lyles went to supper at Defendant Logan's Roadhouse. Lyles alleges that she told her server that she is allergic to seafood and that she should not be served on a plate that contained even trace amounts of seafood. According to Lyles, Logan's nevertheless served Lyles's steak on a plate that had seafood remnants, and Lyles suffered a severe allergic reaction. Lyles filed this action against Logan's on February 11, 2015. Logan's now moves to dismiss Lyles's Complaint, arguing that it is barred by the applicable statute of limitations. The Court agrees, and Logan's Motion to Dismiss (ECF No. 2) is granted.

Under Georgia law, personal injury actions must be brought "within two years after the right of action accrues." O.C.G.A. § 9-3-33. Thus, the personal injury statute of limitations expired in this case on May 24, 2014. Lyles filed

her complaint over eight months later. Apparently recognizing that her personal injury claim is barred by this statute of limitations, Lyles framed her claim as a breach of contract claim. But Georgia law is clear that O.C.G.A. § 9-3-33 applies to claims for negligently inflicted personal injuries, no matter how the plaintiff attempts to frame them. *See Daniel v. Am. Optical Corp.*, 251 Ga. 166, 167, 304 S.E.2d 383, 385 (1983) (holding that application of O.C.G.A. § 9-3-33 "is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief," so O.C.G.A. § 9-3-33 applied to a plaintiff's claim for physical injuries based on the failure of his safety glasses); *see also, e.g., Adair v. Baker Bros., Inc.*, 185 Ga. App. 807, 808, 366 S.E.2d 164, 165 (1988) (applying O.C.G.A. § 9-3-33 to "breach of contract" claim for wrongful death caused by a defective fan); *McLendon v. Henry*, 170 Ga. App. 876, 876, 318 S.E.2d 742, 742 (1984) (applying O.C.G.A. § 9-3-33 to plaintiff's "breach of contract" claim for personal injuries arising out of a car wreck). Accordingly, O.C.G.A. § 9-3-33 applies to Lyles's claims. Because Lyles filed her action more than two years after her claims accrued, her Complaint must be, and is hereby, dismissed.

IT IS SO ORDERED, this 5th day of May, 2015.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA