```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

TANESHIA LYLES,                 *

    Plaintiff,              *

vs.                             *
                                        CASE NO. 4:15-CV-41 (CDL)
LOGAN'S ROADHOUSE,              *

    Defendant.              *

O R D E R

Defendant Logan's Roadhouse filed a motion to dismiss Plaintiff Taneshia Lyles's Complaint. Lyles did not respond to the motion.[1] The Court reviewed Lyles's Complaint and Logan's Motion to Dismiss and determined that although Lyles framed her claims as breach of contract claims, her claims were really personal injury claims and were barred by the applicable statute of limitations. Lyles filed a motion to set aside the judgment (ECF No. 5), which is presently pending before the Court.

Under Federal Rule of Civil Procedure 60(b)(1), the Court may set aside a judgment because of "mistake, inadvertence, surprise, or excusable neglect." "Relief is available under Rule 60(b)(1) for mistakes of law or its application." *Johnson v. Law Offices of Marshall C. Watson, PA*, 348 F. App'x 447, 448

---

[1] Lyles emphasizes that "the Court did not issue any order requiring the plaintiff to answer." Pl.'s Br. in Supp. of Mot. to Set Aside J. 2, ECF No. 8. Counsel is encouraged to review Local Rule 7, which sets forth the deadlines for response briefs in this Court.

(11th Cir. 2009) (per curiam).  Lyles argues that her breach of warranty claim is not barred by the statute of limitations and that the Court mistakenly dismissed that claim.

Lyles asserts that the proper statute of limitations is the four-year statute of limitations for actions for breach of contracts for sale, which is found in O.C.G.A. § 11-2-725(1). Lyles also points out that consequential damages resulting from a seller's breach of contract include "[i]njury to person or property proximately resulting from any breach of warranty." O.C.G.A. § 11-2-715(2)(b).  In support of her arguments, Lyles chiefly cites cases against car manufacturers under the Magnuson-Moss Warranty Act.  *See* Pl.'s Br. in Supp. of Mot. to Set Aside J. 7 (citing *McDonald v. Mazda Motors of Am., Inc.*, 269 Ga. App. 62, 603 S.E.2d 456 (2004); *Dildine v. Town & Country Truck Sales, Inc.*, 259 Ga. App. 732, 577 S.E.2d 882 (2003)).  These cases do not establish which statute of limitations applies to claims for personal injuries due to an alleged breach of warranty by a restaurant.

Lyles also relies on *Chambley v. Apple Restaurants, Inc.*, 233 Ga. App. 498, 499, 504 S.E.2d 551, 552 (1998).  In that case, the plaintiff sued a restaurant for negligence and breach of implied warranty after the plaintiff suffered injuries when she found an unwrapped condom in her salad.  The key issue in that case was whether the plaintiff could recover emotional

distress damages on her negligence claim, and the Court of Appeals concluded that a jury would have to decide whether the plaintiff "sustained the requisite 'impact' and resulting physical injury which would allow her to recover" emotional distress damages.  *Id.* at 499, 504 S.E.2d at 553.  Nothing in *Chambley* addressed the statute of limitations issue.

The Court notes that the sale of restaurant food is considered a sale under Georgia's Uniform Commercial Code. O.C.G.A. § 11-2-314(1) (establishing that "the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale").  The Court also notes that a three-judge panel of the Georgia Court of Appeals allowed a breach of warranty claim involving a piece of bone in a Wendy's hamburger to go to trial.  *Mitchell v. BBB Servs. Co.*, 261 Ga. App. 240, 582 S.E.2d 470 (2003).[2]  The Court of Appeals did not address the statute of limitations issue in *Mitchell*, and it did not address the line of cases that apply O.C.G.A. § 9-3-33's two-year statute of limitations to all claims for injury to the person, regardless of how the plaintiff attempts to frame the claims.

As the Court observed in its previous order on the motion to dismiss, the Georgia Supreme Court held that O.C.G.A. § 9-3-33 applies to claims for injury to the person.  *Daniel v. Am. Optical Corp.*, 251 Ga. 166, 167, 304 S.E.2d 383, 385 (1983)

---

[2] Neither party cited O.C.G.A. § 11-2-314 or *Mitchell*.

3

(stating that application of O.C.G.A. § 9-3-33 "is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief"); *accord Smith, Miller & Patch v. Lorentzson*, 254 Ga. 111, 111, 327 S.E.2d 221, 222 (1985) (holding that O.C.G.A. § 9-3-33 applied to product liability action for injuries to the person).  The Georgia Court of Appeals relied on *Daniel* to conclude that O.C.G.A. § 9-3-33 applies to actions for personal injuries under a breach of warranty theory.  *Adair v. Baker Bros., Inc.*, 185 Ga. App. 807, 808, 366 S.E.2d 164, 165 (1988) (noting that Georgia follows the general rule that "an action to recover for personal injuries is, in essence, a personal injury action, and, regardless of whether it is based upon an alleged breach of an implied warranty or is based upon an alleged tort, the limitations statute governing actions for personal injuries is controlling").

Lyles did not point the Court to a Georgia Supreme Court case overruling *Daniel* or *Adair*, and she did not point the Court to a Georgia Court of Appeals case overruling *Adair*.  The Court did not find any such cases, either.  The Court must therefore apply *Daniel* and *Adair*.  Under those cases, O.C.G.A. § 9-3-33 applies to Lyles's claims.  Lyles did not file her Complaint within two years after her claims accrued, so her action is time-barred.

For all of these reasons, Lyles's motion to set aside the judgment (ECF No. 5) is denied.

IT IS SO ORDERED, this 2nd day of July, 2015.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
